## ANDERSON'S APPEAL. ·

An administrator may pay a debt that is barred by the statute of limitations.

Appeal from the Orphans' Court of Chester County, No. 1 March Term, 1849.

Nancy Anderson died July 31, 1843. John Anderson, the appellant, and Robert Anderson, the appellee, sons of the decedent, administered to her estate. They filed an inventory, sold the real estate and then settled an account that was confirmed by the Court. Robert having settled no account, John on the 15th May, 1847, petitioned the Orphans' Court for a citation to compel him to do so. A citation was issued on the 4th January following. An account was filed with the Register and passed into the Orphans' Court. Among the credits claimed was one for cash paid Sarah Anderson for her bill against the estate, for nursing, dressing and taking care of intestate, $300. By this accountant's bill for various improvements and labor done to the real estate of intestate, taxes paid, and other bills paid by her, $399.37.

3 Wa 32

On the same day John Anderson filed exceptions to these items of credit. The auditor made a report allowing the both credits.

Sarah Anderson testified that her mother said, "there was no contract between Robert and her." She said she would allow Robert what was just and reasonable for what improvements he had made, and what he had done for her. She said "you," meaning Robert and myself, Robert being present, "will soon get your pay. Now she was conscious that she was near her death. I did during the whole of the time expect to be paid." And in her cross-examination: "mother said, she would soon be gone and we should get our pay. She told me more than once that the laws of Pennsylvania would pay me. She told me this two years ago. She told me I should be paid out of the place. She said many times she allowed me wages. She did not say how much. I said to the administrators alone that if they would pay me peaceably I would take $150 for my services." As to Robert's charge against his mother for improvements, &c., Sarah said, "that he put a roof on the house and repaired it, topped the chimney, put up the gable end and paid the carpenter about $11; that he put up 900 panels of fence, made 3,000 rails; the rails were made in 1833, '35 or '36." Several other witnesses testified to the rails being got and the fence made; and one estimates the repairs on the house worth $70. The roof was put on prior to 1846.

On the presentation of the report of the auditor for confirmation John Anderson filed exceptions to the allowance of the aforesaid credits. On argument they were overruled and the exceptant appealed to this Court, complaining of the allowance of the items hereinbefore specified.

*Lewis*, for appellant, argued; No child can claim compensation for services rendered to the parent, except on the footing of an express contract distinctly creating relation of master and servant; Walker's Estate, 3 R., 249; Candor's Appeal, 5 W. & S., 513; Bash vs. Bash, 9 Pa., 260. A large portion of Robert's claim for services, repairs, &c., having occurred more than six years prior to intestate's death, John Anderson,

the other administrator might interpose the statute of limitation for the protection of the estate.

*Hickman*, contra, cited Candor's Appeal, 5 W. & S., 513; Walker's Estate, 3 R., 243; Kennedy's Appeal, 4 Pa., 149; Smith's Estate, 1 Ash., 352; Fritz vs. Thomas, 1 Wh., 71; Strawbridge's Appeal, 5 Wh., 568; Bailey vs. Bailey, 14 S. & R., 195; Gallagher vs. Milligan, 3 P. & W., 177.

*Lewis* in reply: There is not sufficient acknowledgment to take the case out of the statute; Magee vs. Magee, 10 W., 72; Baily vs. Morrison, 1 Peters, 352; Berghaus vs. Calhoun, 6 W., 219; Gilkyson vs. Larue, 6 W. & S., 213; Morgan vs. Walton, 4 Pa., 321.

The Supreme Court affirmed the decree of the Court below on January 8th, 1850, in the following opinion,

PER CURIAM:

Every principle of justice requires that the credits claimed by the executor be allowed. There was nothing like gross negligence, or indeed any negligence at all in his payments. It follows not that if he pays on the score of justice what could not be recovered from him, he must answer it. He may safely pay a debt barred by the statute. If the other children had warned him not to pay the case would have been different; but certainly equity would not charge him in circumstances like the present.

Judgment affirmed.